GARRETT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-113-CR

LESLIE JOE GARRETT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

Appellant Leslie Joe Garrett appeals from his conviction by a jury for the  offense of possession of a controlled substance with intent to deliver.  
See 
Tex. Health & Safety Code Ann.
 § 481.112 (Vernon 2003).  In four points, he argues that (1) the trial court erred in proceeding with a defective charging instrument, (2) the evidence is legally insufficient to support his conviction for possession with intent to deliver a controlled substance, (3) the evidence is factually insufficient to support his conviction for possession with intent to deliver a controlled substance, and (4) the trial court improperly admitted punishment evidence.  Because we hold that the evidence is legally insufficient to prove intent to deliver, we reform the judgment to reflect conviction of the lesser-included offense of possession and affirm the judgment of guilt as reformed.  We reverse the judgment as to punishment and remand the case for a new hearing on punishment.  

Facts

Aikeysha Callandret lived at 1900 Bernard Street in Denton, Texas with her two children and her mother, Althea Parker.  On November 5, 2002, Denton police used an informant to make a “controlled buy” of crack cocaine from Callandret at her Bernard Street residence.  Two days later, police executed a search warrant on the residence after conducting a second controlled buy.  Appellant was at the residence during both controlled buys.

As part of the warrant’s execution, an “entry team” attempted to enter the house by using a battering ram to break down the front door.  Because the front door was heavily fortified, the entry team was unable to break it down despite several attempts.  Instead, they had to enter through a window to the left of the front door. 

Officer Keith Olsen was instructed to “port and cover” the bathroom window while the entry team entered the house.  According to the plan, just before the entry team entered the house, Officer Olsen was to break the bathroom window and cover the bathroom to make sure no one flushed evidence down the toilet.  Officer Olsen testified that he was a few seconds late getting to the bathroom window.  He rushed to the window after he heard the entry team attempting to enter through the front door and saw the bathroom light come on.  Officer Olsen broke the window with his rifle and saw appellant and Callandret throwing cellophane baggies into the toilet.  Officer Olsen testified that he ordered appellant and Callandret back and that he had to push appellant back after appellant attempted to flush the toilet.  Police arrested appellant and Callandret and recovered from the toilet several baggies containing a total of 9.4 grams of a substance containing crack cocaine. 

In addition to the crack cocaine recovered from the toilet, police recovered two baggies of crack from other rooms in the house.  Police also found in the house two baggies of marijuana, a soft case containing marijuana-laced cigars, three baggies of ecstacy tablets, a digital scale, a knife with residue, currency, and a handgun with ammunition.  Police found three baggies of crack cocaine and currency on Callandret. 

Appellant was charged with possession with intent to deliver a controlled substance, cocaine, in an amount of four grams or more but less than two hundred grams by aggregate weight including any adulterants or dilutants.  The original indictment was filed August 14, 2003 and listed an offense date of November 7, 2003.  On December 18, 2003, the State filed a notice of intent to use a prior felony conviction for enhancement purposes, alleging a prior conviction for burglary of a habitation on July 11, 2000.  Five days later, the State filed a notice of intent to use evidence of other crimes, wrongs, or acts pursuant to article 37.07, rule 404(b), or rule 609(f), alleging, among other things, the same burglary conviction alleged earlier but with an offense date of July 11, 1999 and a correct conviction date of January 13, 2000.  

Appellant filed a motion to quash the indictment on January 20, 2004, complaining about the impossible offense date of November 7, 2003 alleged in the original indictment and the manner in which the State sought to amend the indictment by adding the enhancement allegation.  At the first of two hearings on February 6, 2004, the trial court took appellant’s motion under advisement and gave the State a chance to amend the indictment.  Noting that appellant was entitled to ten days’ notice of an amendment to the indictment, the State announced that when the trial court heard its motion to amend later that day, it would urge the trial court to hold appellant’s bond insufficient pursuant to a motion the State claimed it had filed earlier.
(footnote: 1)  Rather than risk going to jail, appellant chose to waive his ten days’ notice and proceed with the original February 9 trial date.

At the second hearing on February 6, the State filed a motion to amend the indictment to include the correct offense date and an enhancement paragraph.  Appellant again objected, arguing that the indictment was fundamentally defective and should be quashed and, in any event, the indictment should be amended only by physical alteration of the indictment itself.  The trial court instead granted the State’s motion to amend and entered an order stating that the indictment was amended as set forth in the order and setting forth the amendment that contained the same language from the original indictment but with a correct offense date of November 7, 2002 and with an enhancement paragraph alleging a prior conviction for burglary of a habitation on the correct date of January 13, 2000. 

On February 9, 2004, the State moved for a continuance because the prosecutor was sick.  The trial court granted the motion and reset the trial for March 1.  Appellant again objected to the indictment and asked for a ruling on his motion to quash.  The court denied the motion as moot.  

On March 1, before he was arraigned, appellant again objected to the indictment.  The trial court responded that appellant was being arraigned from the amended indictment and overruled appellant’s objection.  Both the State and appellant requested that the trial court include in its charge to the jury the lesser included offense of possession of a controlled substance.  The trial court refused the requests and submitted a charge with no lesser included offenses.   The trial court, in its written charge and presumably in its oral charge to the jury,
(footnote: 2) gave the incorrect offense date of November 7, 2003, the date in the original indictment.  The court twice called the jury back from deliberating to correct the error.  The jury found appellant guilty and assessed his punishment at twenty years’ confinement. 

Indictment

In his first point, appellant argues that the trial court erred in proceeding with a defective charging instrument.  He contends that because the indictment was fundamentally defective, the trial court erred when it denied his motion to quash.  In the alternative, appellant argues that the process by which the indictment was amended was improper because the State did not first get approval from the trial court before amending the indictment and because the State’s motion to amend did not contain the signature of the grand jury foreman.

Before 1985, an error in an indictment could not be amended if the error related to a “matter of substance.”  
See Ex parte Chance
, 601 S.W.2d 356, 356 (Tex. Crim. App. 1980) (holding that indictment alleging an impossible date had to be dismissed because the alleged date of the offense is a matter of substance).  In 1985, the Texas Legislature amended article 28.10 of the Texas Code of Criminal Procedure to allow amendments to matters of form 
or substance
.  
See 
Tex. Code Crim. Proc. Ann.
 art. 28.10(a) (Vernon 1989).  However, article 28.10(c) provides that an indictment may not be amended over the defendant’s objection “if the amended indictment or information charges the defendant 
with an additional or different offense or if the substantial rights of the defendant are prejudiced.”  
Id. 
art. 28.10(c). 

Here, appellant cites no case in which an amendment to the date of the alleged offense or to the date of a conviction alleged in an enhancement paragraph is held to either charge a defendant with an additional or different offense or prejudice his substantial rights.  Moreover, in 
Valenti v. State
, we held that the trial court properly amended an indictment that had an incorrect conviction date in the enhancement paragraph.  49 S.W.3d 594, 598 (Tex. App.སྭFort Worth 2001, no pet.).  Therefore, we hold the trial court did not err in refusing to quash the indictment and allowing the State to amend.

Appellant also argues that the process by which the indictment was amended contravened existing law.  Specifically, he complains that the State did not obtain the trial court’s approval before amending the indictment and that the State’s motion to amend was not signed by the foreman of the grand jury.  
See 
Tex. Code Crim. Proc. Ann.
 arts. 21.02, 28.11 (Vernon 1989).

Here, the State filed a motion to amend the indictment, and the trial court entered an order granting the motion and setting out the language of the original indictment but with a corrected offense date and with an enhancement paragraph.   We conclude that by entering the order granting the State’s motion to amend the indictment, the trial court gave its approval as required by article 28.11.  
See
 
id.
 art. 28.11.  Moreover, article 21.02 does not require that the grand jury foreman sign the State’s motion to amend, only that he sign the original indictment.  
Id. 
art. 21.02; 
see also Riney v. State
, 28 S.W.3d 561, 566 (Tex. Crim. App. 2000) (holding that amended indictment did not require grand jury foreman’s signature).  Therefore, we hold that the indictment was properly amended, and we overrule appellant’s first point.

 Sufficiency 
 

In his second and third points, appellant argues that the evidence is legally and factually insufficient
 to support his conviction for possession with intent to deliver.  Appellant complains that the State (1) failed to prove that appellant had the intent to deliver, (2) failed to prove any of the substances recovered from the toilet were controlled substances, (3) failed to link any quantity of the substances to appellant, and (4) failed to prove any amount by aggregate weight including adulterants or dilutants.  

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the 
verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In determining the legal sufficiency of the evidence to show appellant's intent, and faced with a record that supports conflicting inferences, we “must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution.”  
Matson v. State
, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.   In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Intent to Deliver

Appellant argues the evidence is legally and factually insufficient to prove that he possessed the crack cocaine with an intent to deliver.  We agree.  Intent to deliver may be proven by circumstantial evidence.  
See Jordan v. State
, 139  S.W.3d 723, 726 (Tex. App.—Fort Worth 2004, no pet.)
; 
Williams v. State
, 902 S.W.2d 505, 507 (Tex. App.—Houston [1st
 Dist.] 1994, pet. ref’d).  Courts have considered several factors in determining intent, including (1) the nature of the location where the defendant was arrested, (2) the quantity of drugs the defendant possessed, (3) the manner of packaging of the drugs, (4) the presence or absence of drug paraphernalia (for use or sale), (5) whether the defendant possessed a large amount of cash in addition to the drugs, and (6) the defendant’s status as a drug user.  
Jordan
, 139 S.W.3d at 726.    

Here, Callandret lived in the house where appellant was arrested.  Callandret sold the informant crack cocaine during the two earlier controlled buys.  The State offered no evidence linking appellant to the residence other than his mere presence, nor any evidence that appellant had currency or contraband on him when he was arrested.  However, police did find currency and bags of crack cocaine on Callandret when she was arrested.  The State offered no evidence linking appellant to the various items of evidence found throughout the house or to the automobiles parked outside the house.  Police testified that appellant did not appear to be under the influence of narcotics when he was arrested.  

Police observed appellant and Callandret attempting to destroy several bags of crack cocaine by flushing them down the toilet.  In addition, appellant was and had been present in a house where drugs were sold.  While this evidence is sufficient to show appellant possessed crack cocaine, it does not prove he had the intent to deliver.  The evidence shows that Callandret was dealing crack at 1900 Bernard Street, but there is no evidence that appellant was also involved in dealing drugs, only that he attempted to dispose of them with Callandret.  Therefore, viewing the evidence in the light most favorable to the verdict, we conclude that no rational trier of fact could find beyond a reasonable doubt that appellant possessed crack cocaine with the intent to deliver.

Controlled Substance

Appellant also argues that the State failed to prove that any of the evidence recovered from the toilet contained a controlled substance.  Kaye Davis, a chemist with the Department of Public Safety, testified that the evidence recovered from the toilet was cocaine.  Appellant was convicted for violating section 481.112(d) of the Texas Health and Safety Code, which provides that “a person commits an offense if the person . . . possesses with intent to deliver a controlled substance listed in Penalty Group 1.”  
S
ee
 Tex. Health & Safety Code Ann.
 § 481.112(a).  Section 481.102 lists cocaine as one of the controlled substances in Penalty Group I.  
Id
. § 481.102 (Vernon Supp. 2004-05)  Therefore, we hold that the evidence is legally and factually sufficient to prove that the evidence recovered from the toilet was a controlled substance.

Amount by Aggregate Weight Including Adulterants and Dilutants

Appellant argues that the State failed to link him with any particular amount of controlled substance found in Callandret’s house.  He also argues the State failed to prove the amount “by aggregate weight including any adulterants or dilutants.”  An accused possesses a controlled substance when he exercises actual care, control, or custody over the substance; is conscious of his connection with the substance; and knows what the substance is.  
Brown v. State
, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  The evidence must show an “affirmative link” between the accused and the drugs he allegedly possessed.  
Id
.  To prove possession of a particular amount of a controlled substance, the State need only prove that “the aggregate weight of the controlled substance mixture, including adulterants and dilutants, equals the alleged minimum weight.”  
Melton v. State
, 120 S.W.3d 339, 344 (Tex. Crim. App. 2003).   

Here, Officer Olsen testified that he saw appellant and Callandret throwing cellophane baggies into the toilet and that appellant reached to flush the toilet.  A total of 9.4 grams of a substance that was later found to contain crack cocaine was recovered from the toilet.  From this evidence, the jury could find that appellant exercised control over the crack cocaine in the toilet, knew of his connection to the crack cocaine, and knew the substance in the toilet was crack cocaine.  Therefore, we hold that the State affirmatively liked appellant to the 9.4 grams of crack cocaine found in Callandret’s toilet.  We sustain appellant’s second point.
(footnote: 3)  

Reformation of Judgment

A court of appeals may modify the trial court’s judgment to reflect guilt of a lesser-included offense and affirm it as modified.  
Tex. R. App. P.
 43.2(b); 
Bigely v. State
, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993).  However, the court may do this only if “(1) the court finds that the evidence is insufficient to support conviction of the charged offense but sufficient to support conviction of the lesser included offense and (2) either the jury was instructed on the lesser included offense . . . or one of the parties asked for but was denied such an instruction.”  
Collier v. State
, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999).  

Here, while the evidence is insufficient to support appellant’s conviction for possession of a controlled substance with intent to deliver, it is sufficient to support a conviction for possession of a controlled substance.  Further, both the State and appellant requested the trial court to instruct the jury on a lesser included offense.  Accordingly, we will reform the judgment to reflect a conviction of the lesser included offense of possession of a controlled substance, cocaine, in an amount more than four grams but less than two hundred grams.  

Remand on Punishment

Because we cannot assume that the jury would assess the same punishment for possession of a controlled substance enhanced by a previous felony conviction as it would for possession with intent to deliver enhanced by a previous felony conviction, we reverse the part of the judgment assessing punishment and remand the case for a new punishment hearing.  
See
 
Lockett v. State
, 874 S.W.2d 810, 818 (Tex. App.སྭDallas 1994, pet. ref’d.).  We do not address appellant’s fourth point, which involves alleged errors at the punishment phase of the trial.  
See 
Tex. R. App. P.
 47.1.       

Conclusion

We reform the judgment of guilt to reflect conviction of the lesser-included offense of possession of a controlled substance weighing between four and two hundred grams and affirm the judgment as reformed.  We reverse the judgment as to punishment and remand the case to the trial court to conduct a new hearing on punishment.  

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and GARDNER JJ.

PUBLISH

DELIVERED:  March 3, 2005

FOOTNOTES
1:
The trial was originally set for February 9, 2004, the following Monday.  

2:
The record states only that “[t]he Court read aloud the charge of the court.” 

3:
Because we hold that the evidence is legally insufficient to prove intent to deliver, we need not address appellant’s third point on factual insufficiency.  
See 
Tex. R. App. P.
 47.1.