COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NOS. 2-03-375-CR
 2-03-376-CR


LAWTON FREDERICK TYSON A/K/A                                        APPELLANT
LAWTON F. TYSON

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

OPINION

------------
        Appellant Lawton Frederick Tyson a/k/a Lawton F. Tyson appeals from
his convictions on one count of aggravated sexual assault of a child under the
age of fourteen and five counts of sexual assault of a child under the age of
seventeen. In three points, he contends that the trial court reversibly erred by
permitting the State to amend the indictment on the day of trial, by granting the
State’s motion to cumulate the sentences for each count and each offense, and
by charging the jury on counts two through five of the sexual assault offense
in the disjunctive. In a fourth point, he contends that his constitutional
protection against double jeopardy was violated by being convicted and
punished consecutively for offenses occurring in the same criminal episode that
constitute a single offense. We affirm as to the aggravated sexual assault and
as to count one of the sexual assault, but we reverse and remand for a new
trial on counts two through five of the sexual assault.
Background Facts
        Police found sexually explicit photographs of children while searching the
home of Jeffrey Cissell, an associate of appellant’s. After identifying two of
the children in the photographs, the two complainants in this case, police
obtained a statement from the girls that appellant had sexually assaulted them. 
The younger girl, who was twelve at the time of the events, testified at trial
that appellant penetrated her sexual organ with his finger more than once. The
older girl, who is the older sister of the younger girl and who was fourteen at
the time of the events, testified that on one occasion, appellant touched her
under her clothing on her bottom, sexual organ, and breast with his hand. He
also touched her breast with his penis, put his finger inside her sexual organ,
and placed his mouth on her sexual organ. She also testified about another
time when appellant touched her on and in her sexual organ with his penis.
        Appellant was charged in case number 0870880D with one count of
aggravated sexual assault of the younger child by inserting his finger into her
female sexual organ on August 15, 1999. In case number 0899697R, the
State charged appellant with five counts of sexual assault of the older child: 
count one alleged that on June 20, 1999, appellant caused the sexual organ of
the child to contact his sexual organ; counts two through five alleged that on
June 10, 1999, appellant caused the child’s sexual organ to contact his mouth,
caused the child’s mouth to contact his sexual organ, penetrated the child’s
female sexual organ by inserting his finger into it, and caused the child’s sexual
organ to contact his sexual organ. The trial court permitted the State to amend
the indictment in number 0899697R on the day of trial to change the year of
all of the dates to 2000 and to change the dates in counts two through five to
June 11. [1] The trial court also permitted the State to amend the date in the
indictment in 0870880D to June 15, 2000. Appellant’s counsel told the trial
court that she had no objection to the amendment.
        The jury convicted appellant in number 0870880D and assessed his
punishment at ninety-nine years’ confinement. The jury also convicted
appellant in number 0899697R of count one and counts two through five,
which were charged disjunctively, and assessed appellant’s punishment at
twenty years’ confinement on count one and twenty years’ confinement on
counts two through five. The trial court’s judgment, however, sentenced
appellant to twenty years’ confinement on each of counts two through five. 
The trial court granted the State’s motion to cumulate or “stack” the sentences
so that the sentences in number 0899697R ran consecutively to the sentence
in 0870880D, and the sentences on the different counts in 0899697R ran
consecutively to each other. Amendment of Indictment
        In his first point, appellant contends that the trial court reversibly erred
and abused its discretion by permitting the State to amend the indictment on
the day of trial. When the State asked to amend the indictment, appellant’s
counsel affirmatively stated that she had no objection to the amendment and
that appellant waived the ten-day notice afforded at the defendant’s request
under article 28.10 of the code of criminal procedure. See Tex. Code Crim.
Proc. Ann. art. 28.10(a) (Vernon 1989). 
        An indictment may not be amended on the day of trial. See State v.
Murk, 815 S.W.2d 556, 558 (Tex. Crim. App. 1991). But in order to preserve
the error for appeal, a defendant must object; otherwise, the error is forfeited. 
Id.; Hoitt v. State, 30 S.W.3d 670, 674 (Tex. App.—Texarkana 2000, pet.
ref’d); Briones v. State, No. 2-04-00250-CR, 2005 WL 1120018, at *2 (Tex.
App.—Fort Worth May 12, 2005, no pet.) (mem. op.) (not designated for
publication); see also Hernandez v. State, 127 S.W.3d 768, 772 (Tex. Crim.
App. 2004) (recognizing that article 28.10(c) provides that indictment or
information may not be amended over defendant’s objection as to form or
substance if indictment or information charges defendant with additional or
different offense or if substantial rights of defendant are prejudiced); Garrett v.
State, 161 S.W.3d 664, 669 (Tex. App.—Fort Worth 2005, pet. filed) (same). 
We overrule appellant’s first point.
Propriety of “Stacked” Sentences
        Appellant’s second point complains that he was denied due process when
the trial court cumulated or “stacked” his sentences without prior notice, either
in the indictment or from the trial court prior to its granting the State’s motion
to cumulate. Appellant also appears to argue that the statutes allowing the trial
court to cumulate the sentences in this way violate the Apprendi-Blakely-Ring
line of cases recently handed down by the United States Supreme Court by
increasing the maximum punishment for the offenses without a jury finding. 
Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004); Ring v.
Arizona, 536 U.S. 584, 122 S. Ct. 2428 (2002); Apprendi v. New Jersey, 530
U.S. 466, 120 S. Ct. 2348 (2000). Appellant does not argue that the stacking
order violated a statutory provision. See Tex. Code Crim. Proc. Ann. art. 42.08
(Vernon Supp. 2004-05); Tex. Penal Code Ann. § 3.03 (Vernon 2003); see also
LaPorte v. State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992) (holding that
cumulation order not authorized by statute is in essence a void sentence and
any error cannot be waived).
        Both the Austin and Waco courts of appeals have held that a defendant
is not entitled to prior notice before the trial court “stacks” sentences in
accordance with the code of criminal procedure and the penal code. See
Millslagle v. State, 150 S.W.3d 781, 784-85 (Tex. App.—Austin 2004, pet.
dism’d); Miller v. State, No. 10-05-00004-CR, 2005 WL 1654754, at *1 (Tex.
App.—Waco July 13, 2005, no pet. h.) (mem. op.) (not designated for
publication); see also Tex. Code Crim. Proc. Ann. art. 42.08; Tex. Penal Code
Ann. § 3.03(b). Those courts hold that the trial court has discretion to
cumulate sentences in almost every case and that the statutes authorizing
cumulation do not require notice. See Millslagle, 150 S.W.3d at 784-85; Miller,
2005 WL 1654754, at *1. 
        We agree with those courts. The plain language of the statutes does not
require any prior notice. And the statutes themselves provided appellant notice
that “[b]ecause of the nature of the offenses for which [he] was convicted, the
trial court was authorized to cumulate the sentences whether or not the
offenses arose out of the same criminal episode.” See Millslagle, 150 S.W.3d
at 785; see also Tex. Code Crim. Proc. Ann. art. 42.08; Tex. Penal Code Ann.
§ 3.03(b).
        As to appellant’s Apprendi-Blakely-Ring complaint, “[t]he federal appellate
courts have uniformly rejected the contention that Apprendi is violated when
a trial court orders the cumulation of sentences which individually lie within the
statutory range of punishment but for which the cumulative total exceeds the
prescribed statutory maximum for any single offense.” Marrow v. State, No.
10-04-00104-CR, 2005 WL 1405704, at *2 (Tex. App.—Waco June 15,
2005, pet. filed) (holding that no Apprendi violation shown when trial court
cumulated sentences for aggravated sexual assault and indecency with a child
when appellant did not dispute that sentence for each count was within
statutory range); see, e.g., U.S. v. Davis, 329 F.3d 1250, 1253-55 (11th Cir.),
cert. denied, 540 U.S. 925 (2003); U.S. v. Chorin, 322 F.3d 274, 278-79 (3d
Cir.), cert. denied, 540 U.S. 857 (2003); U.S. v. McWaine, 290 F.3d 269, 275-76 (5th Cir.), cert. denied, 537 U.S. 921 (2002); U.S. v. Feola, 275 F.3d 216,
218-20 & n.1 (2d Cir. 2001); see also Apprendi, 530 U.S. at 474, 120 S. Ct.
at 2354 (“The sentences on counts 3 and 22 have no more relevance to our
disposition than the dismissal of the remaining 18 counts.”). Some Texas
courts have reached the same conclusion but only in unpublished cases. 
Marrow, 2005 WL 1405704, at *2 n.4; see Peterson v. State, Nos. 01-02-00603-CR, 01-02-00604-CR, 2003 WL 22681607, at *5 (Tex. App.—Houston
[1st Dist.] Nov. 13, 2003, pets. ref’d) (mem. op.) (not designated for
publication); Jaramillo v. State, No. 04-01-00846-CR, 2003 WL 21395548, at
*2 (Tex. App.—San Antonio June 18, 2003, pet. ref’d) (not designated for
publication). We agree with Marrow, and the federal authority and unpublished
state cases cited in Marrow, and hold that the trial court did not violate the
Apprendi-Blakely-Ring line of cases when it stacked appellant’s sentences in
accordance with article 42.08 and section 3.03(b). We overrule appellant’s
second point.
Jury Charge Error
        In his third point, appellant complains that the trial court’s charge in
number 0899697R, which charged in the disjunctive as to counts two through
five of the indictment, but for which the trial court sentenced him to separate
twenty-year sentences for each count, essentially amounted to an instructed
verdict to find him guilty of all four counts if it found him guilty of only one of
the counts. 
        The trial court’s charge charged the four counts disjunctively; in other
words, it instructed the jury that if it found appellant committed any one of the
four alleged acts, then it should find appellant guilty of one offense. The State
objected to the charge on the ground that section 3.03 “would allow multiple
convictions of a same or similar offense committed in the same criminal episode
when it’s for an offense of sexual assault.” Appellant’s counsel responded,
“[W]e believe it’s charged properly.” [2] The trial court overruled the State’s
objection, stating that “the Court views this as one offense of sexual assault
alleged on the same day at the same time and this will be four ways of
committing the offense of sexual assault.” In other words, the trial court
believed that the four counts were simply different methods of committing one
offense. The trial court stated that it made its ruling after reading Dalton v.
State, 898 S.W.2d 424 (Tex. App.—Fort Worth 1995, pets. ref’d).
        The four allegations were pled in the indictment as counts. The term
“count” is used to charge a separate offense; a paragraph is a portion of a
count and charges a method of committing an offense. Watkins v. State, 946
S.W.2d 594, 601 (Tex. App.—Fort Worth 1997, pet. ref’d). The substance of
the allegation rather than the label it is given determines whether it is a count
or paragraph. Id. Although a trial court may submit a disjunctive jury charge
and obtain a general verdict when alternate theories involve the commission of
the same offense, “separate offenses” may not be submitted to the jury in the
disjunctive because of the possibility of a nonunanimous jury verdict. Francis
v. State, 36 S.W.3d 121, 124-25 (Tex. Crim. App. 2000) (op. on reh’g);
Finster v. State, 152 S.W.3d 215, 218 (Tex. App.—Dallas 2004, no pet.). 
Thus, we must determine whether counts two through five alleged the same
or separate offenses.
        In Dalton and Watkins, this court affirmed aggravated sexual assault
convictions in which the indictments alleged the performance of different acts
labeled as “counts” and the trial court charged the jury in the disjunctive as to
each “count,” thus allowing the jury to return a general verdict. Watkins, 946
S.W.2d at 600-02; Dalton, 898 S.W.2d at 426-27. In both of these cases, the
State conceded that the counts were actually mislabeled paragraphs. Watkins,
946 S.W.2d at 601; Dalton, 898 S.W.2d at 426. But since these cases were
decided, the court of criminal appeals has held that in a prosecution for
aggravated sexual assault of a child based on different acts occurring in the
same transaction, each act is a separate violation of the child under section
22.021 of the penal code and constitutes a separate offense. Lopez v. State,
108 S.W.3d 293, 303 (Tex. Crim. App. 2003); Vick v. State, 991 S.W.2d 830,
833 (Tex. Crim. App. 1999); Hendrix v. State, 150 S.W.3d 839, 846 (Tex.
App.—Houston [14th Dist.] 2004, pet. ref’d). [3] 
        We have found no opinions addressing whether the different acts
described in the sexual assault statute, penal code section 22.011(a)(2),
constitute separate violations and, thus, separate offenses even if occurring
during the same transaction, or whether the acts describe “one offense capable
of being committed under alternate theories.” Finster, 152 S.W.3d at 218. But
a review of both section 22.021(a)(1)(B) and section 22.011(a)(2) shows that
the same types of specific conduct that are described in section 22.021(a)(1)(B)
are described in section 22.011(a)(2). Tex. Penal Code Ann. §§ 22.011(a)(2),
22.021(a)(1)(B) (Vernon Supp. 2004-05). In addition, the acts in section
22.011(a)(2) are described in separate sections, which are separated by the
word “or,” the same as the acts in section 22.021(a)(1)(B). See Vick, 991
S.W.2d at 832-33. Thus, we conclude that the different types of conduct
described in section 22.011(a)(2) constitute separate offenses even if the
different types of conduct occur in the same transaction except in cases in
which one of the acts would necessarily be subsumed by another, such as
contact being subsumed by penetration. See Patterson, 152 S.W.3d at 92;
Hendrix, 150 S.W.3d at 847-48 (holding that charges submitting instances of
penetration and contact occurring in the same transaction did not deprive the
appellant of a unanimous verdict because “all of the jurors who believed there
was penetration necessarily also believed that antecedent contact had
occurred”). 
        Here, counts two through five each alleged different, specific instances
of conduct described separately in section 22.011(a)(2). Tex. Penal Code Ann.
§ 22.011(a)(2). None of the alleged offenses is subsumed within another. 
Thus, we conclude that the trial court erred in submitting counts two through
five in the disjunctive.
        Because appellant did not object at trial to the error in the court’s charge,
we must decide whether the error was so egregious and created such harm that
appellant did not have a fair and impartial trial—in short, that “egregious harm”
has occurred. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)
(op. on reh’g); see Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); Hutch
v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).
        In making this determination, “the actual degree of harm must be assayed
in light of the entire jury charge, the state of the evidence, including the
contested issues and weight of probative evidence, the argument of counsel
and any other relevant information revealed by the record of the trial as a
whole.” Almanza, 686 S.W.2d at 171; see generally Hutch, 922 S.W.2d at
172-74. The purpose of this review is to illuminate the actual, not just
theoretical, harm to the accused. Almanza, 686 S.W.2d at 174. Egregious
harm is a difficult standard to prove and must be determined on a case-by-case
basis. Ellison v. State, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); Hutch,
922 S.W.2d at 171.
        Because four separate offenses were submitted as one, it is impossible
to tell whether the jury unanimously found all of the facts for each or even one
of the offenses. Thus, it is possible that the jury returned a nonunanimous
verdict. See Hendrix, 150 S.W.3d at 849 (holding that court’s erroneous
disjunctive charge on one of several indictments against the appellant was
harmful error under Almanza standard because the erroneous charge made it
possible for the jury to return a nonunanimous verdict). Moreover, in this case,
the trial court’s judgment sentenced appellant to twenty years’ confinement on
each of counts two through five. Therefore, although the jury assessed only
one twenty-year sentence as to all four counts, the trial court entered a
separate twenty-year sentence as to each count. Consequently, we conclude
that the charge error constituted “egregious harm.” We sustain appellant’s
third point. [4]
Conclusion
        Having overruled appellant’s first and second points and sustained his
third, we affirm the trial court’s judgments in number 0870880D and on count
one in number 0899697R. We reverse the trial court’s judgment in number
0899697R as to counts two through five and remand for a new trial on those
counts in accordance with this opinion.
 

                                                                  TERRIE LIVINGSTON
                                                                  JUSTICE
 
PANEL F:   LIVINGSTON, GARDNER, and WALKER, JJ.

PUBLISH

DELIVERED: August 11, 2005

 
NOTES
1. They also changed the offense from sexual assault of a child under fourteen
to sexual assault of a child under seventeen.
2. The State contends appellant should be estopped from complaining about
any error in the jury charge because appellant “actively opposed the State’s
attempt . . . to fix the charging mistake” and thus invited error. But the invited
error rule applies when the trial court submits the erroneous instruction at an
appellant’s request. See Turner v. State, 87 S.W.3d 111, 117 (Tex. Crim.
App. 2002), cert. denied, 538 U.S. 965 (2003); Prystash v. State, 3 S.W.3d
522, 531 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1102 (2000);
Willeford v. State, 72 S.W.3d 820, 823 (Tex. App.—Fort Worth 2002, pet.
ref’d); Quattrocchi v. State, No. 02-04-00421-CR, 2005 WL 1792034, at *5
(Tex. App.—Fort Worth July 28, 2005, no pet. h.). Appellant’s statement in
this case is more akin to a lack of an objection than to the vigorous defense of
an erroneous charge or an affirmative request to submit the instruction. See
Bluitt v. State, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004). Indeed, had the
trial court’s judgment comported with the jury’s verdict, appellant would have
received only one twenty-year sentence rather than four twenty-year sentences.
3. But see Patterson v. State, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004)
(stating, in discussion of whether indecency with child by exposure was distinct
offense from penetration by contact, that “penile contact with mouth, genitals,
or anus in the course of penile penetration” would be subsumed within the
penetration offense and would not be a separate and distinct offense from the
penetration).
4. In light of our disposition of appellant’s third point, we need not address his
fourth point. See Tex. R. App. P. 47.1.