

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

**NO. 2-07-402-CR**

---

JEFF GLENDON MARTIN                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Jeff Glendon Martin of possession of four to two hundred grams of methamphetamine and possession/transport of chemicals with intent to manufacture a controlled substance.[2]  After the verdicts were returned, the trial court sentenced appellant to thirteen years' confinement.  In

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Health & Safety Code Ann. §§ 481.115 (Vernon 2003), 481.124 (Vernon Supp. 2008).

two issues on appeal, appellant contends that the evidence is legally and factually insufficient to link him to the contraband.  We affirm.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3]

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.[4] We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust.[5]

To prove unlawful possession of a controlled substance, the State must prove that the accused exercised control, management, or care over the

---

[3] *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

[4] *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).

[5] *Watson*, 204 S.W.3d at 414–15, 417; *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

substance and that he knew the matter possessed was contraband.[6] Mere presence at the location where contraband is found is insufficient, by itself, to establish actual care, custody, or control of the contraband.[7] But presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., "links"), may be sufficient to establish that element beyond a reasonable doubt.[8] Whether the evidence is direct or circumstantial, "it must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous."[9] It is the logical force of the evidence, and not the number of links, that supports a factfinder's verdict.[10]

In this case, the evidence shows that around nine o'clock a.m. on June 8, 2005, Wichita Falls Police Sergeant Joe Snyder responded to a call reporting a man seen carrying a sawed-off shotgun in a residential neighborhood. When

---

[6] Tex. Health & Safety Code Ann. § 481.002(38) (Vernon Supp. 2008); *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).

[7] *Evans*, 202 S.W.3d at 162; *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988).

[8] *Evans*, 202 S.W.3d at 162.

[9] *Poindexter*, 153 S.W.3d at 405–06 (citing *Brown v. State,* 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)); *Tucker v. State*, 183 S.W.3d 501, 510 (Tex. App.—Fort Worth 2005, no pet.); *Garrett v. State,* 161 S.W.3d 664, 671–72 (Tex. App.—Fort Worth 2005, pet. ref'd).

[10] *Evans*, 202 S.W.3d at 162, 166.

3

Snyder arrived at the reported location, he saw appellant walk away from a dark blue Suburban parked on the street toward a green Dodge Intrepid parked in a driveway with its trunk open. Snyder watched as appellant reached into the trunk of the Intrepid and pulled out a "long arm or a rifle-type weapon." Snyder stopped, exited his patrol car, and approached appellant, instructing him to put the weapon down. Appellant returned the weapon to the trunk but did not immediately back away from it when Snyder ordered him to do so. Noticing that other weapons were in the trunk, Snyder handcuffed appellant as a precaution.

Numerous prepackaged syringes protruded from appellant's right breast pocket. The pocket also contained fifty dollars cash. More cash—one thousand five hundred fifty dollars—was in appellant's pants pocket. Some of the bills had been partially burned.

Similarly charred currency was found in the car's trunk, along with three firearms, two knives, a syringe bottle, scales commonly used to weigh drugs, pseudoephedrine in both pill and powdered form, and methamphetamine.

Asserting that "mere presence" is insufficient to show care, custody or control, appellant claims that the evidence shows that he was merely present at the car in which the contraband was found and was, therefore, insufficient to link him to the items seized from it. The State agrees that mere presence at

the location where drugs are found is insufficient to show possession but argues that appellant was more than merely present. We agree with the State.

Appellant had syringes sticking out of his shirt pocket, and a syringe bottle was in the trunk of the car from which Sergeant Snyder had seen appellant withdraw a weapon. A large amount of cash, some of it damaged by fire, was found both on appellant's person and in the trunk with the contraband.[11] It is the logical force of the evidence and not the number of links that supports a factfinder's verdict.[12] Appellant's presence and activity at the car where contraband was found, combined with syringes on his person, a syringe bottle in the car, a large amount of cash similarly charred on appellant's person and in the car is sufficient to support the jury's finding implied from their verdict that appellant possessed the contraband. After carefully considering the evidence and applying the appropriate standards of review, we find that the

---

[11] There was some evidence that appellant's mobile home had recently burned down and that he was living out of the car.

[12] *See Evans*, 202 S.W.3d at 162, 166.

evidence is legally and factually sufficient to link appellant to the contraband the jury found him guilty of possessing.  Therefore, we overrule both of appellant's issues and affirm the verdict.

PER CURIAM

PANEL:  CAYCE, C.J.; DAUPHINOT, J; and DIXON W. HOLMAN, J. (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:   January 8, 2009