COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-402-CR

 

 

JEFF GLENDON MARTIN                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 78TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant Jeff Glendon Martin of
possession of four to two hundred grams of methamphetamine and
possession/transport of chemicals with intent to manufacture a controlled
substance.[2]  After the verdicts were returned, the trial
court sentenced appellant to thirteen years=
confinement.  In two issues on appeal,
appellant contends that the evidence is legally and factually insufficient to
link him to the contraband.  We affirm.

In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.[3]


When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.[4]   We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
factfinder=s determination is clearly wrong
and manifestly unjust or whether conflicting evidence so greatly outweighs the
evidence supporting the conviction that the factfinder=s
determination is manifestly unjust.[5]   








To prove unlawful possession of a controlled
substance, the State must prove that the accused exercised control, management,
or care over the substance and that he knew the matter possessed was
contraband.[6]  Mere presence at the location where
contraband is found is insufficient, by itself, to establish actual care,
custody, or control of the contraband.[7]  But presence or proximity, when combined with
other evidence, either direct or circumstantial (e.g., Alinks@), may
be sufficient to establish that element beyond a reasonable doubt.[8]  Whether the evidence is direct or
circumstantial, Ait must establish, to the
requisite level of confidence, that the accused=s
connection with the drug was more than just fortuitous.@[9]  It is the logical force of the evidence, and
not the number of links, that supports a factfinder=s
verdict.[10]  








In this case, the evidence shows that around nine
o=clock
a.m. on June 8, 2005, Wichita Falls Police Sergeant Joe Snyder responded to a
call reporting a man seen carrying a sawed-off shotgun in a residential
neighborhood.  When Snyder arrived at the
reported location, he saw appellant walk away from a dark blue Suburban parked
on the street toward a green Dodge Intrepid parked in a driveway with its trunk
open.  Snyder watched as appellant
reached into the trunk of the Intrepid and pulled out a Along arm
or a rifle-type weapon.@   Snyder stopped, exited his patrol car, and
approached appellant, instructing him to put the weapon down.  Appellant returned the weapon to the trunk
but did not immediately back away from it when Snyder ordered him to do
so.  Noticing that other weapons were in
the trunk, Snyder handcuffed appellant as a precaution.

Numerous prepackaged syringes protruded from
appellant=s right breast pocket.  The pocket also contained fifty dollars
cash.  More cashCone
thousand five hundred fifty dollarsCwas in
appellant=s pants pocket.  Some of the bills had been partially burned. 

Similarly charred currency was found in the car=s trunk,
along with three firearms, two knives, a syringe bottle, scales commonly used
to weigh drugs, pseudoephedrine in both pill and powdered form, and
methamphetamine.








Asserting that Amere
presence@ is
insufficient to show care, custody or control, appellant claims that the
evidence shows that he was merely present at the car in which the contraband
was found and was, therefore, insufficient to link him to the items seized from
it.  The State agrees that mere presence
at the location where drugs are found is insufficient to show possession but
argues that appellant was more than merely present.  We agree with the State.








Appellant
had syringes sticking out of his shirt pocket, and a syringe bottle was in the
trunk of the car from which Sergeant Snyder had seen appellant withdraw a
weapon.  A large amount of cash, some of
it damaged by fire, was found both on appellant=s person
and in the trunk with the contraband.[11]  It is the logical force of the evidence and
not the number of links  that supports a
factfinder=s verdict.[12]  Appellant=s
presence and activity at the car where contraband was found, combined with
syringes on his person, a syringe bottle in the car, a large amount of cash
similarly charred on appellant=s person
and in the car is sufficient to support the jury=s
finding implied from their verdict that appellant possessed the
contraband.  After carefully considering
the evidence and applying the appropriate standards of review, we find that the
evidence is legally and factually sufficient to link appellant to the contraband
the jury found him guilty of possessing. 
Therefore, we overrule both of appellant=s issues
and affirm the verdict.

 

PER CURIAM

 

PANEL:  CAYCE, C.J.; DAUPHINOT,
J; and DIXON W. HOLMAN, J. (Senior Justice, Retired, Sitting by Assignment).

 

DO
NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:   January 8, 2009                             











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health & Safety
Code Ann. '' 481.115 (Vernon 2003),
481.124 (Vernon Supp. 2008).





[3]Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex.
Crim. App. 2007).





[4]Watson v. State, 204 S.W.3d 404, 414
(Tex. Crim. App. 2006); Drichas v. State, 175 S.W.3d 795, 799 (Tex.
Crim. App. 2005).





[5]Watson, 204 S.W.3d at 414B15, 417; Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).





[6]Tex. Health & Safety
Code Ann. ' 481.002(38) (Vernon
Supp. 2008); Evans v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006);
Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).





[7]Evans, 202 S.W.3d at 162; Martin
v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988).





[8]Evans, 202 S.W.3d at 162.





[9]Poindexter, 153 S.W.3d at 405B06 (citing Brown v.
State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)); Tucker v. State,
183 S.W.3d 501, 510 (Tex. App.CFort Worth 2005, no pet.); Garrett v. State,
161 S.W.3d 664, 671B72 (Tex. App.CFort Worth 2005, pet. ref=d).





[10]Evans, 202 S.W.3d at 162, 166.





[11]There was some evidence
that appellant=s mobile home had
recently burned down and that he was living out of the car.





[12]See Evans, 202 S.W.3d at 162, 166.