Affirmed and Memorandum Opinion filed February 12, 2009








Affirmed and Memorandum Opinion filed February 12, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00888-CR

____________

 

KERRI LASHUN LIVINGS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause No. 1014042

 



 

M E M O R A N D U M   O P I N I O N

Appellant Kerri Lashun Livings appeals his conviction for
possession with intent to deliver a controlled substance of more than four
grams and less than 200 grams, claiming the evidence is legally insufficient to
support his conviction.  We affirm.

I.  Factual and Procedural Background








Police officers conducted an undercover surveillance of a
shopping center based on a citizen=s tip concerning
suspected drug activity.  Officer Alvarez noticed appellant enter and exit a
barber shop several times.  Each time, the officer observed appellant leave the
barber shop, look around to ensure no one was watching him, and then enter a
vehicle that had just driven into the parking lot.  The officer observed that
appellant remained in the passenger=s side of each
vehicle for fifteen or twenty seconds before exiting and returning to the
barber shop.  Based on his training and experience as an undercover narcotics
officer, who in the course of conducting an investigation had performed
activities similar to appellant=s, Officer Alvarez believed appellant was
involved in a narcotics transaction.  

When Officer Alvarez saw appellant enter a fourth vehicle,
he alerted a team of uniformed, law enforcement officers to assist.  Members of
this team responded and approached the vehicle.  Two officers approached the
passenger side of the vehicle.  They saw appellant through the vehicle=s passenger-side
window.  Officer MacFarlane observed movement within the vehicle, as if
appellant were conversing with his head lowered, looking at something in his
hands, and fidgeting with his hands around his waistband.  Officer MacFarlane
saw appellant holding a plastic bag containing a Achunky,@ rocky-looking
substance.  Officer Null also saw appellant holding the plastic bag, containing
what appeared to be cocaine, and saw the driver and appellant both looking
inside the bag.  Appellant looked up and saw the officers outside of the
vehicle.  Both officers saw appellant toss the plastic bag to the driver of the
vehicle, who attempted to escape, but was later apprehended. 

The officers arrested appellant.  Officer MacFarlane later
recovered a plastic bag containing 19.3 grams of crack cocaine, comprised of 45
to 50 individual crack rocks, with a street value of $800.  He recalled it was
the same bag he witnessed appellant tossing to the driver of the vehicle.

Appellant was charged with possession with intent to
deliver a controlled substance, cocaine.  He pleaded Anot guilty.@  A jury found
appellant guilty as charged.  The trial court sentenced appellant to fifteen
years= confinement based
on an enhancement paragraph for a prior felony conviction.  In a single issue,
appellant now appeals his conviction, claiming the evidence is legally
insufficient to support his conviction.








II.  Analysis

A person commits an offense if that person knowingly possesses
with intent to deliver a controlled substance.  See Tex. Health & Safety Code Ann. ' 481.112(a)
(Vernon 2003).  Cocaine is considered a controlled substance.  See id. ' 481.102 (Vernon
2003).  Appellant challenges the legal sufficiency of the evidence to prove
both possession and intent to deliver.

When evaluating a legal‑sufficiency
challenge, we examine the evidence in the light most favorable to the verdict. 
Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  The issue
on appeal is not whether we, as a court, believe the State=s evidence or believe that
appellant=s evidence outweighs the State=s evidence.  Wicker v. State,
667 S.W.2d 137, 143 (Tex. Crim. App. 1984).  The verdict may not be overturned
unless it is irrational or unsupported by proof beyond a reasonable doubt.  Matson
v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  The jury, as the
trier of fact, Ais the sole judge of the
credibility of the witnesses and of the strength of the evidence.@  Fuentes v. State, 991
S.W.2d 267, 271 (Tex. Crim. App. 1999).  The jury may choose to believe or
disbelieve any portion of the witnesses= testimony.  Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986).  When faced with conflicting evidence, we presume the
trier of fact resolved conflicts in favor of the prevailing party.  Turro v.
State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt, we must affirm.  McDuff v. State, 939 S.W.2d
607, 614 (Tex. Crim. App. 1997).  The standard is the same for both direct and
circumstantial evidence.  King v. State, 895 S.W.2d 701, 703 (Tex. Crim.
App. 1995). 

Possession 








A>Possession= means actual
care, custody, control or management.@  Tex. Health & Safety Code. Ann. ' 481.002(38)
(Vernon 2003).  To prove unlawful possession of a controlled substance, the
State must establish the accused (1) exercised care, control, custody, or
management over the contraband, and (2) knew the matter was contraband.  Poindexter
v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).  The elements of
possession may be proven through direct or circumstantial evidence, although
the evidence must establish that the accused=s connection with
the drug was more than fortuitous, which is considered the Aaffirmative links@ rule.  Id.








Evidence must affirmatively link appellant to the offense,
so that one reasonably may infer the defendant knew of the contraband=s existence and
exercised control over it.  Hyett v. State, 58 S.W.3d 826, 830 (Tex.
App.CHouston [14th
Dist.] 2001, pet. ref=d).  Courts have identified a
non-exhaustive list of factors that may help to show an accused=s affirmative
links to a controlled substance, including (1) the accused=s presence when a
search is conducted, (2) whether the contraband was in plain view, (3) the
accused=s proximity to and
accessibility of the narcotic, (4) whether the accused was under the influence
of narcotics when arrested, (5) whether other contraband or other narcotics
were found in the accused=s possession, (6) any incriminating
statements the defendant made when arrested, (7) whether the accused made
furtive gestures or attempted to flee, (8) any odor of contraband, (9) the
presence of other contraband or paraphernalia, (10) the accused=s ownership or
right to possess the place where the drugs were found, (11) whether the place
where the drugs were found was enclosed, (12) whether the accused was found
with a large amount of cash, and (13) whether the conduct of the accused
indicated a consciousness of guilt.  See Evans v. State, 202 S.W.3d 158,
162 n.12 (Tex. Crim. App. 2006).  We also have considered the presence of a
large quantity of contraband as a factor affirmatively linking an appellant to
the contraband.  See Olivarez v. State, 171 S.W.3d 283, 291 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  Although no set formula of facts necessitates a finding
of an affirmative link sufficient to support an inference of knowing
possession, affirmative links are established by the totality of the
circumstances.  Hyett, 58 S.W.3d at 830.  The number of factors present
is not as important as the Alogical force@ the factors
create to prove the defendant knowingly possessed the controlled substance.  Roberson
v. State, 80 S.W.3d 730, 735 (Tex. App.CHouston [1st
Dist.] 2002, pet. ref=d).

Appellant chiefly complains that the only evidence
supporting the element of possession was the officers= observance of
appellant tossing the plastic bag to the driver when the officers approached
the vehicle.  Appellant complains there is no evidence indicating where the bag
originated or whether the driver first tossed the bag to appellant before the
officers saw appellant toss the bag to the driver.  Appellant asserts that he
did not possess the bag long enough to exercise care, custody, control, or
management of the bag.  He disputes there was a showing of a conscious
connection to the bag and that he knew what the bag contained.

Despite appellant=s contentions, the
absence of some factors that may establish an affirmative link is not evidence
of innocence to be weighed against evidence connecting appellant to the
narcotics.  See Hernandez v. State, 538 S.W.2d 127, 131 (Tex. Crim. App.
1976).  In this case, Officer MacFarlane testified that as he approached the
vehicle, he saw appellant conversing inside the vehicle and fidgeting with his
hands around his waistband.  He observed appellant with a plastic bag
containing a rocky-looking substance.  Officer MacFarlane testified that upon
seeing the approaching uniformed police officers, appellant tossed the plastic
bag to the driver as if Ahe hurried up and got rid of it.  It was
like a hot potato type deal, get it out of [appellant=s] hand.@  See Warren v.
State, 971 S.W.2d 656, 658, 661 (Tex. App.CDallas 1998, no
pet.) (concluding evidence of accused=s furtive gestures
and proximity to the cocaine was factually and legally sufficient to support
conviction).  Officer Null confirmed the same.  In considering that appellant
tossed the bag when police officers approached the vehicle, his conduct may be
interpreted as consciousness of guilt and a furtive gesture to dispose of the
narcotics.  See id.








Although appellant argues there is no evidence he was in
possession of the bag nor did he know of its contents, we consider the
following facts as evidence of possession: the large quantity of narcotics in
the bag, the officers= testimony that appellant was holding the
bag of cocaine, and appellant=s reaction after seeing the officers
outside of the vehicle.  See Garrett v. State, 161 S.W.3d 664, 672 (Tex.
App.CFort Worth 2005,
pet. ref=d) (providing
evidence from officer who observed a defendant tossing bags of crack cocaine
into a toilet sufficiently supported finding that the defendant exercised
control over the substance, knew of the connection to the substance, and knew
the substance was crack cocaine); Roberson, 80 S.W.3d at 740 (noting 24
grams of cocaine is not an insignificant amount and that 24 grams of cocaine is
an amount small enough to be concealed on one=s person).  These
factors, especially when combined, can be considered as evidence of possession
and knowledge about the presence and nature of the contraband and would support
a trier of fact=s conclusion in that regard.  See Evans,
202 S.W.3d at 166.

Viewing the evidence in the light most favorable to the
verdict, we hold a rational trier of fact could have concluded beyond a
reasonable doubt that appellant had knowledge of the contraband and exercised
control over it.  See Moreno v. State, 195 S.W.3d 321, 326 (Tex. App.CHouston [14th
Dist.] 2006, pet. ref=d).

Intent to Deliver

Appellant also argues the evidence is insufficient to
support a conviction of possession with the intent to deliver.  ADeliver@ means to
transfer, actually or constructively, a controlled substance to another.  See
Tex. Health & Safety Code Ann.
' 481.002(8)
(Vernon 2003).  Intent to deliver a controlled substance can be proven by
circumstantial evidence, such as the quantity of narcotics possessed.  Patterson
v. State, 138 S.W.3d 643, 649 (Tex. App.CDallas 2004, no
pet.).  AIntent can be
inferred from the acts, words, and conduct of the accused.@  Patrick v.
State, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995).  








Factors that a reviewing court may consider in determining
intent to deliver include (1) the nature of the location at which the accused
was arrested,(2) the presence of the accused in a drug house, (3) the manner in
which the narcotic was possessed, (4) the quantity of the contraband in the
accused=s possession, (5)
the manner of packaging, (6) the presence or lack thereof of drug paraphernalia
for either use or sale, (7) amounts of cash, or (8) the accused=s status as a drug
user.  Moreno, 195 S.W.3d at 325.

The record reflects that appellant was arrested after being
seen in the vehicle with a plastic bag containing approximately 20 grams of
crack cocaine, which had a street value of $800.  Expert testimony by
experienced law enforcement officers, as in this case, may be used to establish
an accused=s intent to deliver.  See Mack v. State, 859
S.W.2d 526, 528, 529 (Tex. App.CHouston [1st Dist.] 1993, no pet.). 
Officer Alvarez, a fourteen-year veteran with the Houston Police Department,
testified that, based on the short time appellant spent in each vehicle, he
believed appellant was conducting narcotics transactions.  The neighborhood was
considered by narcotics officers to be an area with high narcotics activity. 
Officer Alvarez also testified that in his experience, a person who carries
nearly 20 grams of cocaine in their waistband is likely a Adope dealer.@  Officer
MacFarlane testified to seeing movement within the vehicle when he first
approached, and it appeared appellant was fidgeting around his waistband. 
Based on Officer MacFarlane=s experience, the amount of crack cocaine
within the bag indicated Awholesale narcotics,@ which he
explained is an amount that one dealer sells to another dealer to sell on the
streets.  He testified that the amount and value of the narcotics recovered
from the scene exceeds the typical amount possessed for personal consumption.  See
id. (holding 8.9 grams of crack cocaine, valued at $600, a sufficient
amount from which to infer an intent to deliver).  The record also indicates
that the police officers on the scene did not find paraphernalia used to
consume narcotics on appellant or in the vehicle.  See Moreno, 195
S.W.3d at 326 (concluding absence of paraphernalia for consumption supports
evidence to show intent to deliver); Mack, 859 S.W.2d at 528, 529 (concluding
that absence of paraphernalia for smoking or using cocaine supports an intent
to deliver rather than an intent to consume). 








Appellant complains that no evidence suggests he attempted
to evade detention and that he cooperated with the arresting officers. 
However, Officer MacFarlane testified that appellant did not have a chance to
evade detention.  Furthermore, despite appellant=s contentions, it
is not necessary that appellant be found with large amounts of cash to show an
intent to deliver.  See Moreno, 195 S.W.3d at 326.  Such evidence is
only one factor to consider.  See id.  

In viewing the evidence in the light most favorable to the
verdict, we conclude a rational trier of fact could have determined beyond a
reasonable doubt that appellant possessed the narcotics with intent to
deliver.  See id.  Therefore, we overrule appellant=s sole issue on
appeal, and having overruled appellant=s sole issue, we
affirm the trial court=s judgment.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Panel consists of Justices Anderson and Frost and Senior
Justice Hudson.*

Do Not Publish C Tex. R. App. P.
47.2(b).

 









*  Senior Justice J. Harvey Hudson sitting by
assignment.