COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-03-471-CR

 

 

JOHN WILLIE TUCKER                                                          APPELLANT

 

 

                                                   V.

 

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








Appellant John Willie Tucker
appeals from his jury conviction of a lesser included offense of possession of
cocaine in an amount of four grams or more but less than two hundred grams of
cocaine.  The trial court assessed his
punishment at five years=
confinement.  In his first and second
points, appellant contends that the trial court erred by denying his motion to
suppress the evidence obtained from the search of the vehicle in which he was a
passenger and by granting the State=s challenge for cause to one juror. 
In his third and fourth points, appellant also contends that the
evidence is legally and factually insufficient to support the finding of guilt
against him.  We affirm.

                                            Background

Denton County detectives
notified patrol Officer Chris Plank to be on the look-out for a green 1996
Oldsmobile Cutlass, with license plate number TYK86T, that they believed would
be holding felony parole violator Donald Gulley.  When Officer Plank saw the vehicle commit a
traffic offense, he pulled the vehicle over. 
The driver was Ivory Gober; the front-seat passenger was Donald Gulley,
the person being sought; and the back seat passenger was appellant.  Officer Plank gave the driver a warning
ticket for failing to use his turn signal one hundred feet before a turn and
asked dispatch to check all three of the vehicle=s occupants for outstanding warrants. 
Both Ivory, the driver, and Donald, the front-seat passenger, had
outstanding warrants for their arrests. 








When Officer Plank instructed
Donald to get out of the car so that he could be handcuffed, Officer Plank saw
appellantCthe back
seat passengerCstuff
something down into the car seat to his left. 
Another officer also saw appellant doing something.  At that point, Officer Plank instructed
appellant to step out of the vehicle. 
Officer Plank could see a plastic baggie sticking out of the rear seat
and removed it, believing it to contain crack cocaine.  He handcuffed appellant at this time and
continued his search of the vehicle, in which he found a pill bottle containing
twelve rocks of crack cocaine from the front seat where Donald had been seated.

At trial, appellant testified
that his cousins, Donald and Larry Gulley, picked him up from the airport the
day that he arrived in Texas from Arizona and took him to his sister=s house.  The next day,
appellant and Donald were going to Arkansas to see their grandmother.  Donald, driving his girlfriend=s car, and Donald=s girlfriend picked up appellant, and they ran some errands.  Later, they drove to some apartments to pick
up Ivory.  While they were waiting on
Ivory, Duane Lawson came out to the car and sat in the back seat until Ivory showed
up.  Duane got out of the car and Ivory
got in so that Ivory and appellant were in the back seat, and Donald and his
girlfriend were in the front.  They
eventually dropped off Donald=s girlfriend, and at the time they were stopped, Ivory was driving,
Donald was the front seat passenger, and appellant remained in the back
alone.  Appellant testified that he did
not hide anything or take anything out of his pocket.  He also testified that he did not know that
anyone had possession of any drugs or any drug paraphernalia, and in fact, that
he really did not even know the people his cousin had picked up in the car. 

 

 








                                     The Suppression Issue

In one multifarious point,
appellant claims that the trial court erred by denying his motion to suppress
the warrantless search of the vehicle in violation of the Fourth and Fourteenth
Amendments to the United States Constitution; he appears to challenge both the
stop of the vehicle and his search and arrest. 
In his initial argument under his first point, appellant contends that
the officer could not have seen the driver=s failure to use a right turn signal because he was Anot in a position to see the vehicle one-hundred (100) feet before the
stop sign.@  Also, he argues that the officer did not have
reasonable suspicion to believe that appellant was engaged in criminal activity
that would justify the further investigation or detention of him.[1]

Standard of Review








We review a trial court's
ruling on a motion to suppress evidence under a bifurcated standard of
review.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court's decision, we do not engage in our own factual review.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  State v. Ross, 32 S.W.3d 853, 855 (Tex.
Crim. App. 2000); State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App.
1999).  Therefore, we give almost total
deference to the trial court's rulings on (1) questions of historical fact and
(2) application-of-law-to-fact questions that turn on an evaluation of
credibility and demeanor.  Johnson v.
State, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); State v. Balllman, 157
S.W.3d 65, 68 (Tex. App.CFort Worth
2005, pet. ref=d);
Harrison v. State, 144 S.W.3d 82, 85 (Tex. App.CFort Worth 2004, pet. granted); Best, 118 S.W.3d at
861-62.  However, when the trial court=s rulings do not turn on the credibility and demeanor of the
witnesses, we review de novo a trial court's rulings on mixed questions of law
and fact.  Johnson, 68 S.W.3d at
652-53.  








When the trial court does not
file findings of fact, we are to view the evidence in the Alight most favorable to the trial court=s ruling and assume that the trial court made implicit findings of
fact that support its ruling as long as those findings are supported by the
record.@  Ross, 32 S.W.3d at 855; Guzman, 955 S.W.2d at 89; State v.
Maldonado, No. 01-03-774-CR, 2004 WL 2306703, at *2 (Tex. App.CHouston [1st Dist.] Oct. 14, 2004, no pet.). When the sole witness at
the motion to suppress hearing is the officer and the trial court filed
findings of fact and conclusions of law, as in this case, the only question
before us is whether the trial court properly applied the law to the facts it
found.  Ballman, 157 S.W.3d at 69;
see also Carmouche, 10 S.W.3d at 327-28; Guzman, 955 S.W.2d at
86-87, 89. 

Probable Cause to Stop
Vehicle for Traffic Violation

Before addressing the merits
of appellant=s complaint
regarding the initial traffic stop, we must first determine whether appellant
has standing to challenge the initial stop of the vehicle.

Proof of Aa reasonable expectation of privacy@ is at the forefront of all Fourth Amendment claims.  Any defendant seeking to suppress evidence
obtained in violation of the Fourth Amendment must first show that he
personally had a reasonable expectation of privacy that the government invaded.  He must prove that he was a Avictim@ of the
unlawful search or seizure.  He has no
standing to complain about the invasion of someone else's personal rights.  Only after a defendant has established his
standing to complain may a court consider whether he has suffered a substantive
Fourth Amendment violation.  Although we
defer to the trial court's factual findings and view them in the light most
favorable to the prevailing party, we review the legal issue of standing de
novo. 

Kothe v. State, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004) (footnotes omitted); Matthews
v. State, 165 S.W.3d 104, 110-11 (Tex. App.CFort Worth  2005, no pet.).  








A passenger generally has no
standing to contest the search of a vehicle.  Stone v. State, 147 S.W.3d 657, 659 (Tex.
App.CAmarillo 2004, pet. ref=d); Carroll v. State, 56 S.W.3d 644, 650 (Tex. App.CWaco 2001, pet. ref=d); see also Morfin v. State, 34 S.W.3d 664, 666-67 (Tex. App.CSan Antonio 2000, no pet.) (holding passenger has no legitimate
expectation of privacy in a vehicle without a possessory interest in it but
does have standing to challenge seizure of his or her person).  A passenger has no standing to complain about
the invasion of someone else=s personal rights but retains the right to show that Ahe personally had a reasonable expectation of privacy that the
government invaded.@  Kothe, 152 S.W.3d at 59.  As Kothe explains, a defendant must
show that Ahe was a >victim= of the
unlawful search or seizure.@  Id.  Generally, a stop results in a seizure of the
passenger and driver alike, so we will address appellant=s complaint regarding the initial stop.  Id. at 61 n.19.  However, it is critical that the Aprecise police conduct being objected to be properly identified, for
this may itself turn out to be determinative on the standing issue.@  Id. at 60.








Appellant appears to
challenge the initial stop for the driver=s failure to signal a turn. 
When a traffic violation is committed in an officer's presence, the
officer has probable cause to lawfully stop and arrest or detain the
violator.  Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005); Tex. Transp. Code Ann. ' 543.001 (Vernon 1999); Williams v. State, 726 S.W.2d 99, 101
(Tex. Crim. App. 1986); Tyler v. State, 161 S.W.3d 745, 748 (Tex. App.CFort Worth 2005, no pet.). 

Appellant challenged the
officer=s ability to observe the driver=s failure to signal for the one hundred feet before the turn.  See Tex.
Transp. Code Ann. '' 545.104, 545.106.  Appellant
says that because the officers did not have a clear view of the car from the
entire one hundred feet before the stop, there is no evidence to support the
stop.  Appellant points to the driver=s testimony as well as defense exhibit one to controvert the officer=s testimony.  However, the
officer=s testimony was clear that at least at the time the car reached the
stop sign the driver had not signaled to turn.  Only after the driver saw the officer, did he
signal to turn, according to the officer. 
While Ivory=s testimony
conflicts with the officer=s because Ivory states that he always signaled before he made a turn
at an intersection, this is a fact determination made by the trial court to
which we give great deference.  Because
these findings are therefore supported by the record and we view them in favor
of the trial court=s ruling, we
conclude that the trial court properly determined that there was probable cause
to stop the vehicle due to a traffic violation. 
Therefore, we hold that any challenge appellant is making relative to
the preliminary stop and detention of the car is overruled.  This portion of his first point is overruled,
and we now address his challenge to his detention and investigation.








Reasonable Suspicion to
Detain and Investigate Appellant








Once Officer Plank stopped
the vehicle, he first identified all occupants of the vehicle.  He returned to his patrol car to write a
warning ticket for Ivory and to run all the names of the occupants for
warrants.  He determined that there were
outstanding warrants for both the driver, Ivory, as well as the front seat
passenger, Donald.  He placed both of
them under arrest.  While handcuffing
Donald, Officer Plank saw appellant making movements as if he was shoving something
under his seat with his left hand. 
Officer Plank then asked appellant to exit the car.  As soon as appellant got out, the officer
could see a plastic baggie sticking out of the back seat of the car where the
seat and the back upholstery meet, right next to where appellant had been sitting.  The officer retrieved the baggie, which
appeared to contain crack cocaine, and then arrested appellant.  During his testimony, Officer Plank testified
that he stopped the vehicle for the failure to properly use the turn signal and
to see if Donald, who was wanted for a parole violation, was in the previously
identified car.  The officer=s videotape of the stop, detention, and investigation supports the
officer=s testimony.  However, appellant
contends that Officer Plank did not have authority to request identification or
check for outstanding warrants of the passengers in the car based upon this
information relying primarily on this court=s recent opinion in St. George v. State.  Nos. 02-03-00421-CR and 02-03-00422-CR, 2004
WL 1944779 (Tex. App.CFort Worth
Aug. 31, 2004, no pet. h.).  However,
this court=s opinion in
St. George has been withdrawn this month and therefore may no longer be
relied upon.

Temporary investigative
detentions are appropriate when officers have Aspecific articulable facts, which, premised upon [the officer=s] experience and personal knowledge, when coupled with the logical
inferences from those facts would warrant the intrusion on the detainee.@  Davis v. State, 947
S.W.2d 240, 244 (Tex. Crim. App. 1997). 
Officers have authority to stop and briefly detain persons who are
suspected of criminal activity on less information than is constitutionally
required for probable cause to arrest.  Id.  To satisfy the Fourth Amendment and Terry
v. Ohio, we know that we review the reasonableness of the stop by looking
to the justification for the stop and also consider the reasonableness of the
scope of the detention.  392 U.S. 1,
19-20, 88 S. Ct. 1868, 1879 (1968).  The
duration of the stop is reviewed by determining whether the police Adiligently pursued a means of investigation that was likely to dispel
or confirm their suspicions quickly.@  Cisneros v. State, 165
S.W.3d 853, 859 (Tex. App.CTexarakana 2005, no pet.) (citing Davis, 947 S.W.2d at 245).








In a
traffic stop situation, the police may ask for identification, a valid driver=s
license, and proof of liability insurance. 
Police may also check for outstanding warrants.  During the stop, however, an officer must use
Athe
least intrusive means reasonably available to verify or dispel [the officer=s]
suspicion in a short period of time.@ 

 

Id.
(citing Davis, 947 S.W.2d at 245) (citations omitted).

Reasonable suspicion exists
when an officer has specific, articulable facts that would cause him to
reasonably conclude that a particular person is, has been, or soon will be
engaged in criminal activity.  Ford v.
State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  This determination is made by considering the
totality of the circumstances.  Id.
at 492-93.  In evaluating the totality of
the circumstances, we apply a bifurcated standard of review, giving Aalmost total deference to the trial court=s determination of historical facts and review de novo the trial court=s application of law to facts not turning on credibility and demeanor.@  Id. at 493.

In the present case, one of
the specific purposes of the stop was to also determine whether anyone in the
vehicle was the suspected parole violator, Donald Gulley.  Consequently, it was necessary for the
officer to identify all the people in the vehicle, especially because the first
person he necessarily identified, the driver, was not Donald.








Also, as the State points
out, appellant does not complain about being asked for identification or the
warrant check.  Moreover, the officers
did not detain appellant for the purpose of running the warrant check;
instead they ran the check simultaneously with the check on the driver and did
not extend the time for the initial detention. 
We conclude, therefore, that the officer=s detention and investigation was handled in a reasonably limited
manner.  Further, because new reasonable
suspicion arose during Officer Plank=s limited investigation relating to appellant and his movements in the
back seat, we cannot say that the officer=s removal of appellant from the back seat and his resulting search of
the back seat and the rest of the vehicle was unreasonable.  We overrule the remainder of appellant=s first point challenging the trial court=s suppression ruling.

                            Sufficiency of Evidence:  Possession

In appellant=s third and fourth points, he challenges the legal and factual sufficiency
of the evidence to support the Apossession@ prong of
his possession of cocaine conviction. 
Appellant points to the sole evidence of any potential possession by himCthat the cocaine was found in a plastic baggie sticking out of the
back seat near where he had been sittingCand contends that because he did not own the vehicle and because he
was not driving or solely occupying the vehicle, the evidence is both legally
and factually insufficient to support the judgment.








In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789.  The
trier of fact is the sole judge of the weight and credibility of the
evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).








In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484. 

To prove unlawful possession
of a controlled substance, the State must prove that the accused exercised
control, management, or care over the substance and that he knew the matter
possessed was contraband.  Tex. Health & Safety Code Ann. ' 481.002(38) (Vernon Supp. 2005); Joseph v. State, 897 S.W.2d
374, 376 (Tex. Crim. App. 1995); Martin v. State, 753 S.W.2d 384, 387
(Tex. Crim. App. 1988).  The evidence Amust establish, to the requisite level of confidence, that the
accused's connection with the drug was more than just fortuitous.  This is the whole of the so‑called
'affirmative links' rule.@  Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); Garrett v. State,
161 S.W.3d 664, 671-72 (Tex. App.CFort Worth 2005, pet. ref=d).

The Aaffirmative links rule@ is
designed to protect the innocent bystander from conviction based solely upon
his fortuitous proximity to someone else's drugs.  This rule simply restates the common‑sense
notion that a personCsuch
as a father, son, spouse, roommate, or friendCmay
jointly possess property like a house but not necessarily jointly possess the
contraband found in that house.  Thus, we
have formulated the rule that "[w]hen the accused is not in exclusive
possession of the place where the substance is found, it cannot be concluded
that the accused had knowledge of and control over the contraband unless there
are additional independent facts and circumstances which affirmatively link the
accused to the contraband."

 








Poindexter v. State, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005) (footnotes omitted); McQuarters
v. State, 58 S.W.3d 250, 259 (Tex. App.CFort Worth 2001, pet. ref=d).  Factors we consider
include  (1) the defendant's presence
when the search warrant was executed, (2) whether the contraband was in plain
view, (3) the defendant's proximity to and the accessibility of the
narcotic,  (4) whether the defendant was
under the influence of narcotics when arrested, 
(5) whether the defendant possessed other contraband or narcotics when
arrested, (6) whether the defendant made incriminating statements when
arrested, (7) whether the defendant attempted to flee, (8) whether the
defendant made furtive gestures, (9) whether there was an odor of the
contraband, (10) whether other contraband or drug paraphernalia were
present,  (11) whether the defendant
owned or had the right to possess the place where the drugs were found, (12)
whether the place where the drugs were found was enclosed, (13) whether the
accused was the driver of the automobile in which the contraband was found,
(14) whether the defendant was found with a large amount of cash, and (15)
whether the conduct of the accused indicated a consciousness of guilt.  McQuarters, 58 S.W.3d at 259.








Officer Plank testified that
he observed appellant appearing to stuff something down in between the back
seats.  At the time of the stop,
appellant was the only person sitting in the back seat, and neither of the front
seat passengers could have reached the drugs from their positions.  Additionally, as Officer Plank testified, the
drugs were in plain view within the baggie, which was found near where
appellant had been seated.  Appellant
admitted that he had been in the car in the back seat during the entire car
ride.  More importantly, the videotape of
the arrest, which was included in the appellate record, substantiates the
officer=s testimony and shows appellant=s movements in the back seat of the car.  It also shows how quickly Officer Plank
reached into the back seat and immediately recovered the baggie containing the
drugs. As noted by the State in its brief, appellant=s testimony was the only testimony that potentially controverted the
State=s evidence.  The trier of fact,
as the sole judge of the credibility of the witnesses, was entitled to believe
or disbelieve such testimony.  Poindexter,
153 S.W.3d at 406 (AIn deciding
whether the evidence is sufficient to link the defendant to contraband, the
trier of fact is the exclusive judge of the credibility of the witnesses and the
weight to be given to their testimony.@).  

Applying the appropriate
standards of review and the affirmative links rule, we conclude that the
evidence was legally and factually sufficient to support appellant=s possession of the cocaine and the resulting jury=s verdict.  We overrule
appellant=s third and
fourth points. 

                                       Challenge for Cause








In appellant=s second point, he contends that the trial court erred by granting the
State=s challenge for cause as to venireperson Hansen.  The code of criminal procedure allows parties
to challenge a juror for cause when the challenging side can show that the
juror is incapable or unfit to serve on the jury.  Tex.
Code Crim. Proc. Ann. art. 35.16 (Vernon Supp. 2005); Lydia v. State,
117 S.W.3d 902, 905 (Tex. App.CFort Worth 2003, pet. ref=d).  There are many specific
challenges, but the rule also allows a juror to be challenged for cause if
either side can show A[t]hat the
juror has a bias or prejudice in favor of or against the defendant.@  Tex. Code Crim. Proc. Ann. art. 35.16(a)(9).  

The court of criminal appeals
has held that a member of the venire may be properly challenged for cause and
removed Aif he cannot impartially judge the credibility of a witness.@  Ladd v. State, 3 S.W.3d
547, 560 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1070
(2000).  Potential jurors Amust be open‑minded and persuadable, with no extreme or absolute
positions regarding the credibility of any witness.@  Id.  While a defendant does not have a right to
have a particular juror sit on his jury, he does have the right Anot [to] have a particular
venire member on the jury if the venire member is challengeable for
cause or the defendant exercises one of his peremptory challenges.@  Johnson v. State, 43
S.W.3d 1, 6‑7 (Tex. Crim. App. 2001).








We review a trial court's
ruling on a challenge for cause with Aconsiderable deference@ because the trial court is in the best position to evaluate the
veniremember's demeanor and responses.  Newbury
v. State, 135 S.W.3d 22, 32 (Tex. Crim. App.), cert. denied, 125 S.
Ct. 496 (2004); Colburn v. State, 966 S.W.2d 511, 517 (Tex. Crim. App.
1998); Guzman, 955 S.W.2d at 89 (appellate courts afford Aalmost total deference@ to a trial court's resolution of factual and legal issues that turn
on an evaluation of credibility and demeanor). 
We reverse a trial court's ruling on a challenge for cause Aonly if a clear abuse of discretion is evident.@  Newbury, 135 S.W.3d at
32 (citing Colburn, 966 S.W.2d at 518; Moore v. State, 54 S.W.3d
529, 535 (Tex. App.CFort Worth
2001, pet. ref=d).  A[T]o show error in the trial court=s grant of the State=s challenges for cause, an appellant must show either that the trial
court applied the wrong legal standard in sustaining the challenge or that the
trial court abused its discretion in applying the correct legal standard.@  Moore, 54 S.W.3d at
535.  Further, in cases in which the
venireperson is vacillating, almost total deference is given to the trial court=s decision.  See Clark v.
State, 929 S.W.2d 5, 9 (Tex. Crim. App. 1996), cert. denied, 520
U.S. 1116 (1997); Brown v. State, 913 S.W.2d 577, 580-81 (Tex. Crim.
App. 1996).  To preserve trial court error
in granting a State=s challenge
for cause, the defense must object.  Tex. R. App. P. 33.1(a).








Venireperson Hansen disclosed
that she had been charged with public intoxication in Denton and would be very
careful in reviewing any evidence coming from a police officer due to her
pending public intoxication charge.  She
stated that she thought illegal drugs should be legalized and taxed like other
legal substances.  When asked about
potential bias, she stated, AI=d have to
look at the facts, because I never thought of myself as somebody who would get
arrested until it happened.@  She continued, AI would think that I wouldn=t [be biased], but there is a tendency to see it from the other side,
which I=ve never had that perspective until now.@  On further individual
questioning by the State, she answered Ayes@ when asked
if she would be biased against the State. 
She also stated, AI feel like
I=m more critical now that I have gotten into the system than I would
have been two or three months ago before interaction with the officers.@  And on whether she would
believe police officers, she said that she would believe them and follow the
law.  She did not think that she would be
less trusting just because they were Denton officers but that she would
definitely be more critical towards officers than she would have been prior to
her experience with the officer in her case. 
Appellant objected once the trial court granted the State=s challenge.








We conclude that venireperson
Hansen=s disclosures are sufficient to support the trial court=s grant of the State=s challenge for cause.  Her
vacillation, if any, is more than sufficient for us to conclude that there was
no clear abuse of discretion on the trial court=s part by granting this challenge. 
We overrule appellant=s second point.

 

                                             Conclusion

Having overruled all of
appellant=s points, we
affirm the judgment of the trial court.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and WALKER, JJ.

 

PUBLISH


 

DELIVERED:
December 29, 2005











[1]The
parties stipulated that the stop was made without a search warrant.